## RIGHTS UNDER SALE ON EXECUTION.

[Circuit Court of Lucas County.]

ANTON WARNS v. JENNIE REECK.

Decided, February 19, 1905.

*Sale on Execution—Questions on Distribution—Rights of Purchaser—Where Execution was Levied Between Date of Purchase and Delivery of Deed—Homestead Exemption—Set-off—Costs.*

1. Where a creditor obtains judgment and levies execution on property of the debtor during the interval between the sale of the property by the debtor and execution of a deed and its delivery, the purchaser will be entitled, on distribution of the fund arising from the sale on execution, to the protection of the court to the extent of the amount he paid down at the time the contract of sale to him was made.

2. An agreement, entered into at the time of the contract of sale, whereby a note against the seller and held by the purchaser was to be surrendered as a part of the payment to be made at that time, will be treated by the court as fully executed, notwithstanding the note was not as a matter of fact surrendered until the day the deed was delivered.

3. The judgment debtor does not in such a case lose his right to homestead exemption.

4. Costs will be adjudged against the judgment debtor up to the time he made his application for an allowance in lieu of homestead; costs made thereafter must be paid by the execution creditor.

HULL, J.; PARKER, J., and HAYNES, J., concur.

This action was brought by the plaintiff to sell a certain piece of real estate in the city of Toledo, upon a judgment which he had recovered on a promissory note. The plaintiff asks to have the property sold, the liens marshalled and this claim paid out of the proceeds of the sale. The judgment was recovered against William Leck, who was the owner of this property and in whom the legal title was at the time the judgment was recovered. The controversy arose out of the fact that before the judgment was recovered, Leck, the then owner of the property, by a valid contract, had sold it to the defendant, Jennie Reeck, through her husband, who was acting for her, but the deed for the property was not executed until two or three days after the judgment was recovered and execution levied in this county.

The facts, briefly, are these: William Leck was the owner of this property; he was indebted to Warns on a cognovit note in the sum of about $400. On the first day of September, 1903, Leck made a contract with Herman Reeck to sell him this property for $1,650. On the 3d of September Warns went to Cleveland and took judgment on his cognovit note against Leck for $406.35, and had that entered upon the foreign execution docket of this county on the same day, and probably on the next day, September 4th, Warns, through his attorney, gave a written notice to Reeck that he had recovered this judgment and that it had been entered upon the foreign execution docket of this county, it not having been indexed by the sheriff. On September 5th, the next day after this written notice had been given to Reeck, he, Herman Reeck, who was doing all the business, took a deed to the property in the name of his wife, Jennie Reeck. Herman Reeck and Leck met in a notary's office and the deed of the property was made by Leck to Jennie Reeck; and soon after that this action was commenced by the plaintiff to sell this property upon his judgment and Leck was made a party. These facts are substantially admitted; there may be some little difference, but it is not material. Leck, who was made a party, set up a claim for $500 in lieu of a homestead out of the proceeds of this property; and the question is as to the rights of these parties under these facts.

It is claimed that Leck has no right to the exemption; and it is also claimed that in any event this judgment lien of the plaintiff is superior to any right of homestead under these circumstances.

As we understand the law as laid down, especially in the 20th Ohio St., 68, and 15th Ohio, 569, Reeck, who purchased the property, is entitled to protection to the amount that was paid down when this contract was made; that the judgment not having been recovered until after the contract had been made, the parties had the right to go on and execute the conveyance, although they knew that the judgment had been recovered and execution had been levied. It was held by the Supreme Court that the purchaser is entitled to protection for the amount he has paid down, and that a contract having been made between the parties which could be enforced by action in specific per-

formance, they may go on after the judgment has been recovered and execute the conveyance, as these parties did here.

A question of fact arises between the parties as to the amount that was paid down. It is admitted that $50 was paid down on the day that the contract was made, the first of September. Reeck held a note against Leck for $100, and it is claimed that this $100 note was also turned over to Leck on the day the contract was made, or that it was agreed that it should be turned over, and that the note has either been lost or destroyed; and it is claimed that Reeck is entitled to protection to the amount of the one hundred dollar note also; so that he should be found to have paid down $150 instead of $50. The original contract was drawn up by a notary by the name of Kranz; he testifies that he saw nothing of the note at the time the contract was made; and we are satisfied from the evidence that the note was not produced at that time, and was not delivered or turned over by Reeck to Leck on the first of September, the day the contract was made, and not until the 5th; but that it was contemplated between the parties that this note should be a part of the purchase-money—that it should be turned over by Reeck as part of the purchase-money; of this we are perfectly satisfied, and it is almost inconceivable that it should be otherwise. Leck was insolvent; there was on this property a large number of liens which Reeck assumed as part of the contract, running up to over $1,200. The purchase-price was only $1,650, and it was apparent that Leck was insolvent; and we think there is no question but at the time this contract was made, it was understood that this note should go in as part of the purchase-money. But we think from the evidence that it was not actually turned over to Leck or destroyed until the 5th of September, the day the conveyance was made.

It is claimed by counsel for plaintiff that if this is true, that it can not be considered in this transaction in favor of Reeck. But we are of the opinion that Reeck had a right to set this note off, would have the right to set it up and set it off against Leck's claim for the purchase-money. The judgment creditor can get no greater right here than Leck had as to this purchase-money. His only right is to step into Leck's shoes and insist that the money that was coming to Leck should be applied

404 · CIRCUIT COURT REPORTS—NEW SERIES.

Warns v. Reeck. [Vol. VIII, N. S.

toward his claim. Reeck's claim against Leck on this promissory note was a debt upon a contract which he would have the right under the statute, Section 5071, to set off against Leck's claim for the balance due on this purchase-money; and that being true, we think that it should be considered in any event as a part of the down payment, and should be deducted from the amount of the purchase-price, to-wit, $1,650, and that would cut the amount down to $1,500 still due upon this contract.

Warns' claim here is only for the balance of the purchase-money still due; he has no lien upon the land, except to secure that; that is, that portion of the balance of the purchase-money that can be appropriated to the payment of his judgment. These other liens, as I say, are ahead of his and amount to something over $1,200.

The question as to whether Leck was entitled to a homestead out of this or not, under the circumstances, was considered by this court upon a demurrer. The demurrer was overruled, the court holding, under these circumstances, Leck was entitled to claim $500 in lieu of a homestead, and we still adhere to that opinion. He has done nothing so far as we can see that deprives him of his right to a homestead exemption; he has sold his property, his homestead; this was his homestead, and he has no property except what was coming to him out of this purchase-money. Homestead acts are construed very liberally, and it seems to us that he comes very clearly within the provisions of the homestead and exemption statutes of this state; that he is within Section 5441, under which he has a right to property, real or personal, to the amount of $500, in lieu of a homestead. All Leck has in the world is this balance due on this purchase-price, this credit or choses in action. That statute, Section 5441, the Supreme Court has held, is to be construed to cover money or credits which are held to be personal property. The court say, in *Chilcote* v. *Conley*, 36 O. S., 545, after stating the facts briefly:

"'Personal property,' construed in connection with other statutes *in pari materia*, includes credits and moneys selected by the debtor. Credits and moneys selected by the debtor can not be taken and held under an order of attachment or by garnishee process.''

And in the opinion which was delivered by Judge McIlvaine, on page 548:

"This provision should be liberally construed and with the purpose of placing all debtors of the class upon a footing of equality. Hence personal property, as in Section 37 of the Justices' Act, should be held to include 'money' and the phrase 'exempt from execution or sale' should be construed to mean, in the language of Section 30 of said act, 'exempt by law from being applied to the payment of the plaintiff's claim.'"

This proceeding here is in the nature of an attachment or garnishment of this money. The judgment creditor has lost his right to the land, except to have a lien upon it to secure the balance of the purchase-money—the balance of this purchase-money which is coming to Leck; and Leck would be entitled to $500 of the money, if there was that much remaining after payment of liens, as an exemption in lieu of a homestead. It is impossible for us to see why he is not entitled to this exemption under the statute.

The decree, therefore, must be against the plaintiff; there is nothing in this property or in the purchase-money still due to be applied upon his claim. There were several attempts made to settle this matter between the parties, but there was never anything done that amounted to a formal tender between Reeck and Leck, and that is not material here.

We find, therefore, that the balance of the purchase-money should be paid into court by Reeck, to be applied to the payment of these liens in their priority down to Leck's claim for homestead, and then what is left, which will be less than $500, should be turned over to Leck in lieu of his homestead, which will leave nothing for the plaintiff.

As to the costs, they will be adjudged against Leck until the time that he made his demand for a homestead, and those accruing since then will be charged against the plaintiff, as the issues have all been decided against him, including the homestead matter. Although Leck gets a portion of this money, judgment for costs can not be enforced against him out of his homestead exemption, as we look at it, but he ought to pay what has been assessed against him. The petition of the plaintiff will be dismissed.

Mr. Schaal: We had some .trouble with the costs in the court below; I want to understand now whether Mr. Reeck has to take care of the payment of any of these costs, or whether they are to be paid out of the money coming from Leck?

The Court: We are of the opinion that Reeck ought not to pay any costs. He has been ready at all times, the testimony shows, to pay into court the balance of the purchase-money and let it be applied as the court might direct, and is still ready and willing, and now offers to pay the balance of it.

*F. E. Rheinfrank,* for plaintiff.

*F. C. Schaal* and *B. F. Brough,* for defendant.